UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GARY WAYNE SUTTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | Judge _____ |
| BRUCE WESTBROOKS, Warden, | ) | DEATH PENALTY CASE |
| | ) | |
| Respondent. | ) | |

# SECOND PETITION UNDER 28 U.S.C. § 2254
# FOR WRIT OF HABEAS CORPUS

Susanne Bales, BPR# 017868
FEDERAL DEFENDER SERVICES
 OF EASTERN TENNESSEE, INC.
Asst. Federal Community Defender
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
(865) 637-7979

*Attorney for Petitioner Sutton*

# TABLE OF CONTENTS

PARTIES ................................................................................................................ 1

JURISDICTION AND VENUE ............................................................................ 2

STATEMENT OF THE CASE .............................................................................. 2

CLAIM FOR RELIEF ........................................................................................... 3

    The death sentence should be vacated because it is supported by an unconstitutionally vague aggravating circumstance, as demonstrated by a new substantive rule of constitutional law applicable to cases on collateral review. ... 3

    1. A sentence enhancement based on a prior conviction of an unenumerated violent felony is constitutionally vague. ........................................................... 4

    2. The prior violent felony aggravating circumstance supporting Sutton's death sentence is unconstitutionally vague. ............................................................. 5

    3. This claim has not been exhausted in state court because it is based on a new substantive rule of constitutional law applicable to cases on collateral review. ........................................................................................................................ 8

RELIEF REQUESTED ........................................................................................ 12

CERTIFICATE OF SERVICE ............................................................................. 13

VERIFICATION OF COUNSEL ........................................................................ 14

VERIFICATION .................................................................................................. 15

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| GARY WAYNE SUTTON, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | Judge _____ |
| BRUCE WESTBROOKS, Warden, | ) | DEATH PENALTY CASE |
| | ) | |
| Respondent. | ) | |

## SECOND PETITION UNDER 28 U.S.C. § 2254
## FOR WRIT OF HABEAS CORPUS

COMES NOW the Petitioner, Gary Wayne Sutton, through his undersigned counsel of record, pursuant to all applicable law, including all applicable provisions of 28 U.S.C. § 2241 et seq. (including 28 U.S.C. § 2254), and moves this Court to issue a writ of habeas corpus for Respondent to bring Petitioner before the Court to the end that he may be discharged from his unconstitutional and invalid sentence of death.

## **PARTIES**

The Petitioner, Gary Wayne Sutton is an adult, resident citizen of the United States of America currently incarcerated at Riverbend Maximum Security Institution in Nashville, Tennessee.

The Respondent, Bruce Westbrooks, is the warden of Riverbend Maximum Security Institution where Mr. Sutton is detained. Mr. Westbrooks is detaining Mr.

{1}

Sutton pursuant to a judgment of the Circuit Court for Blount County, Tennessee, in violation of the Constitution or laws of the United States, as described herein.

## JURISDICTION AND VENUE

This Court has jurisdiction to entertain and grant the relief requested in this petition for writ of habeas corpus pursuant to Article I, Section 9 of the United States Constitution, Article III of the United States Constitution, the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, 28 U.S.C. § 1331, and 28 U.S.C. § 2241 et seq., including 28 U.S.C. § 2254.

Venue is proper in this district pursuant to 28 U.S.C. § 2241(d), since Sutton was tried, convicted and sentenced to death in the Circuit Court of Blount County, Tennessee.

## STATEMENT OF THE CASE

Sutton was convicted of first degree murder and was sentenced to death. Supporting the death sentence is the prior violent felony statutory aggravating circumstance: "the defendant was previously convicted of one (1) or more felonies, other than the present charge, whose statutory elements involve the use of violence to the person[.]" (Add.1, Vol.5, Trial Tech. Rec. pp.704, 713); Tenn. Code Ann. § 39-13-204(i)(2) (1996).

The Tennessee Supreme Court upheld Sutton's conviction and death sentence. *State v. Sutton*, 79 S.W.3d 458 (Tenn. 2002), *cert. denied sub nom. Sutton v. State*, No. 02-6354, 537 U.S. 1090 (2002). The state courts denied post-conviction relief. *Sutton v. State*, No. E2004-02305-CCA-R3-PD, 2006 WL 1472542 (Tenn.

Crim. App. May 30, 2006), appeal denied Oct. 2, 2006. The federal courts denied habeas corpus relief. *Sutton v. Bell*, 683 F. Supp. 2d 640 (E.D. Tenn. 2010); *Sutton v. Bell*, No. 3:06-cv-388, 2011 WL 1225891 (E.D. Tenn. Mar. 30, 2011); *Sutton v. Carpenter*, 617 Fed. Appx. 434 (6th Cir. 2015), *cert. denied sub nom. Sutton v. Westbrooks*, No. 15-918, 2016 WL 235195 (Mar. 28, 2016).

## CLAIM FOR RELIEF

**The death sentence should be vacated because it is supported by an unconstitutionally vague aggravating circumstance, as demonstrated by a new substantive rule of constitutional law applicable to cases on collateral review.**

Sutton is in custody and sentenced to death pursuant to the judgment of a state court that violates the Due Process Clause of the Fifth and Fourteenth Amendments and the Eighth Amendment of the United States Constitution. 28 U.S.C. §§ 2241 and 2254(a). He asserts herein a new or different ground for relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016).

The Fifth and Fourteenth Amendments provide that "no person shall . . . be deprived of life, liberty, or property, without due process of law." This guarantee is violated when a State takes away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement. *Kolender v. Lawson*, 461 U.S. 352, 357-58 (1983). The void-for-vagueness doctrine applies not only to statutes defining elements of crimes, but also to statutes fixing sentences. *United States v. Batchelder*, 442 U.S. 114, 123 (1979). Such vagueness in the death

{3}

penalty context violates not only the Fifth and Fourteenth Amendments but also the Eighth Amendment. *Maynard v. Cartwright*, 486 U.S. 356, 363-64 (1988). It is axiomatic that a sentence of death which rests entirely upon an unconstitutionally vague aggravating factor is invalid. *Godfrey v. Georgia*, 446 U.S. 420, 427-28 (1980).

    **1.    A sentence enhancement based on a prior conviction of an unenumerated violent felony is constitutionally vague.**

In *Johnson v. United States*, *supra*, the Supreme Court examined the residual clause of the federal Armed Career Criminal Act (ACCA) that enhances punishment for a felon being in possession of a firearm if that felon had three previous convictions for a "violent felony." The statute's residual clause defined this term to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." *Johnson*, 135 S. Ct. at 2555-56 (citing 18 U.S.C. § 924(e)(2)(B)). The Court held that under the Due Process Clause, this language was unconstitutionally vague because it "le[ft] grave uncertainty about how to estimate the risk posed by a crime" and it "le[ft] uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Johnson*, 135 S. Ct. at 2557-58. In other words, it failed to provide notice of the conduct that could be used to enhance a sentence and it failed to provide a standard that avoided arbitrary application. *Id.* at 2556.

{4}

The Supreme Court recently announced that *Johnson* is a new substantive rule of Constitutional law applicable to cases on collateral review.[1] *Welch*, 136 S. Ct. at 1265, 1268.

### 2. The prior violent felony aggravating circumstance supporting Sutton's death sentence is unconstitutionally vague.

The statutory language of the aggravating factor that increased the punishment in this case is essentially the same as the language of the ACCA residual clause that has been declared unconstitutionally vague. Any differences have no impact on the constitutional analysis. The language of the sentencing statute in *Johnson* requires a conviction that "involves conduct that presents a serious potential risk of physical injury to another." *Johnson*, 135 S. Ct. at 2555-56. The prior violent felony aggravator used against Sutton requires "one or more felonies, other than the present charge, the statutory elements of which involved the use of violence to the person." Tenn. Code Ann. § 39-13-204(i)(2) (1996). Under Tennessee law, the prior violent felony aggravator enhances the punishment for first degree murder even where violence is not necessarily an element of the prior offense. *See State v. Sims*, 45 S.W.3d 1, 10-12 (Tenn. 2001) (requiring an examination of whether the defendant's actual conduct at the time of the prior offense involved the use or threat of violence). Such uncertainty about what constitutes a violent felony is what rendered the federal statute void-for-vagueness.

---

[1] Given the very recent pronouncement of the retroactive effect of *Johnson*, Sutton will be exhausting any available state court remedies as expeditiously as possible. *See* 28 U.S.C. § 2254(b).

{5}

Both statutes necessitate an examination of whether the crime of conviction involves conduct that presents a risk of (or involved) physical injury (or violence) so great as to justify an enhanced punishment. Determining whether any crime, as defined by the particular statute, involved any type of conduct apart from its enumerated elements is an impossibly speculative task. The Supreme Court found this to be true even where "common sense" might dictate what type of conduct was involved in committing certain offenses. *Johnson*, 135 S. Ct. at 2559.

Just as the Supreme Court found in *Johnson*, Tennessee's prior violent felony aggravating circumstance is unconstitutionally vague. Like the language of the residual clause that was the focus of the *Johnson* opinion, the language of the aggravating circumstance not only requires a "conviction" but also requires consideration of the conduct of the offense rather than the elements of conviction. Since the Tennessee aggravator is established by conduct rather than elements, vagueness as to what supports it is the necessary result. Prior violent felony convictions that involve "the use or threat of violence to the person" are innumerable, particularly when the sentencer must potentially look at crimes committed in any jurisdiction. The category of crimes that involve the use of violence to the person is "so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement" *Johnson*, 135 S. Ct. at 2556.

The *Johnson* rule has been applied in areas other than the ACCA. Courts have determined that "a couple of minor distinctions between the text of the

{6}

residual clause" and other definitions of violent felonies do not undermine "the applicability of *Johnson*'s fundamental holding[.]" *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015). Accordingly, the definition of "aggravated felony" for immigration cases has been declared unconstitutionally vague under *Johnson*. *See, e.g.*, *Dimaya*, 803 F.3d at 1120 (applying *Johnson* to the INA's definition of a crime of violence);[2] *United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015) (same). The *Johnson* rule has likewise been applied to Sentencing Guidelines relying upon a "crime of violence" to enhance a sentence. *See, e.g.*, *United States v. Hudson*, 2016 WL 2621093 (1st Cir. May 9, 2016);[3] *United States v. Martinez*, 2016 WL 1743014 (8th Cir. 2016). *See also United States v. Pawlak*, No. 15-3566, 2016 WL 2802723 (6th Cir. May 13, 2016) (applying *Johnson* to U.S.S.G. § 2K2.1(a)(1) ("felony convictions of either a crime of violence or a controlled substance offense")).

The *Johnson* analysis applies in this case and illustrates that the prior violent felony aggravator is void for vagueness. It failed to provide notice to Sutton that his sentence could be enhanced and it invited arbitrary application. When a

---

[2] "The term "crime of violence' means—(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16.

[3] "The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a).

sentence of death rests wholly upon an unconstitutionally vague aggravating factor it is invalid. *Godfrey*, 446 U.S. at 427-28. Therefore, the death sentence should be vacated.

> 3. **This claim has not been exhausted in state court because it is based on a new substantive rule of constitutional law applicable to cases on collateral review.**

Local Rule 9.4(d) requires habeas petitioners to state the reason why an issue has not been fully exhausted in state court. Sutton's claim is not exhausted because it is based on a newly-arising rule of constitutional law that was just made applicable to cases on collateral review. On April 18, 2016, the Supreme Court held in *Welch* that the rule in *Johnson* is a new substantive constitutional rule that has retroactive effect in cases on collateral review. *Welch*, 136 S. Ct at 1265. Accordingly, the *Johnson* claim was previously unavailable to Sutton and he could not have earlier raised it in state or federal court. *In re Watkins*, 810 F.3d 375, 380 (6th Cir. 2015).

If there is a state court remedy for Sutton's newly-arising *Johnson* claim, it should first be presented to the state court. The Supreme Court emphasizes that where state court remedies to correct federal constitutional errors are available, the state courts should be afforded that opportunity. This principle lies at the heart of the exhaustion doctrine. *Rose v. Lundy*, 455 U.S. 509, 518 (1982) ("The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.").

Under Tennessee law, a defendant is permitted to file a motion to reopen a previous post-conviction proceeding when a federal appellate court issues a final ruling establishing a constitutional right that was not recognized as existing at the time of trial but now is required to be recognized and applied in his case. Tenn. Code Ann. §§ 40-30-117(a)(1)[4] and 40-30-122.[5] The Supreme Court's decision in *Johnson* established a new right that impacts the legality of Sutton's death sentence in that it alters the range of conduct that the law punishes. *Welch*, 136 S. Ct. at 1264-65. In *Welch*, the Supreme Court held retroactive application of that right is required. *Id.* at 1265. Accordingly, *Johnson* and *Welch* satisfy the criteria for a state-court motion to reopen. Although a motion to reopen is to be filed within one year of the ruling of the "United States Supreme Court establishing a [retroactive] constitutional right that was not recognized as existing at the time of trial," Tenn. Code Ann. § 40-30-177(a)(1), Sutton has filed a motion to reopen in Blount County Circuit Court and he will seek to exhaust state court remedies in an expedient manner. (Attachment A – file-stamped copy of cover page of motion).

---

[4] Tenn. Code Ann. § 40-30-117(a)(1) provides that a defendant may file a motion to reopen a post-conviction petition if it "is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required."

[5] Tenn. Code Ann. § 40-30-122 provides that retrospective application of a new rule of constitutional criminal law is required if it "places primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" or if the new rule "requires the observance of fairness safeguards that are implicit in the concept of ordered liberty." The new rule of *Johnson* satisfies both requirements.

The exhaustion doctrine requires Sutton to present the new *Johnson* claim to the state court, but he is also entitled to preserve federal review of the claim. In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court established a procedure that accomplishes both objectives. A habeas petitioner may present an unexhausted claim to the federal district court before the statute of limitations on that claim expires, and the district court may stay the federal proceeding and hold it in abeyance pending resolution of the claim in state court. *Id.* at 275-76. The *Rhines* procedure should be followed in this case. Sutton has "good cause" for not previously presenting this claim, his claim is "potentially meritorious," and Sutton's request is not an "intentionally dilatory litigation tactic[]." *Id.* at 278 (setting forth factors justifying a stay and abeyance procedure).

"Good cause" is established because Sutton is presenting his *Johnson* claim at the first available opportunity. As a matter of law, the claim did not previously exist. *Johnson*, 135 S. Ct. at 2562-63 (discussing its departure from previously determined law); *Welch*, 136 S. Ct. at 1264 ("It is undisputed that Johnson announced a new rule."). Both *Johnson* and *Welch* were decided after the conclusion of Sutton's conviction, direct appeal, state post-conviction proceeding, and first habeas corpus proceeding. The Supreme Court declared *Johnson* retroactive to cases on collateral review on April 18, 2016. *Welch*, 136 S. Ct. at 1265. Given Tennessee's statutory requirement that the new rule of law be declared retroactive, Tenn. Code Ann. §§ 40-30-117(a)(1) and 40-30-122, the *Johnson* claim could not have been brought before the state courts until *Welch* was decided.

Sutton's *Johnson* claim also satisfies the "potentially meritorious" requirement for a stay of the current proceeding. As explained above, *Johnson* held that language in a federal statute which enhances a sentence based on a prior violent felony was void-for-vagueness. The unconstitutionally vague language at issue in *Johnson* is substantially similar to the language of the aggravating circumstance that enhanced Sutton's sentence to the death penalty. Accordingly, Sutton's claim has potential merit.

Finally, an abeyance of this proceeding pending state-court exhaustion is warranted because Sutton's interest in obtaining federal review of his *Johnson* claim and judicial economy outweigh the competing interests in finality and speedy resolution of federal habeas petitions in general. *Rhines*, 544 U.S. at 278. It is well-settled that where a "sentence in fact is not authorized by substantive law, then finality interests are at their weakest." *Welch*, 136 S. Ct. at 1266. An abeyance is not requested for the purpose of "dragging out indefinitely [Sutton's] federal habeas review," *Rhines*, 544 U.S. at 278, but to provide him an opportunity to vindicate his constitutional rights under the newly-declared rule in *Johnson*. In the event that Sutton's *Johnson* claim does not prevail in state court, he will return to this Court with an amendment to this habeas petition that will include the state court adjudication. If Sutton prevails in state court, this proceeding will be rendered moot. Under either scenario judicial economy is well-served by holding the case in abeyance.

{11}

# RELIEF REQUESTED

For the above-stated reasons Sutton respectfully requests:

1. That the case be held in abeyance so petitioner may exhaust any available state court remedies;

2. That upon completion of exhaustion proceedings, petitioner be permitted to amend this petition with the state court adjudication;

3. That respondent be required to answer the allegations of this petition and/or an amended petition;

4. That petitioner be granted an opportunity to file a reply to the answer and to expand the record as may be appropriate;

5. That the Court hear oral argument on petitioner's claim;

6. That after such a hearing, the Court vacate the unconstitutional death sentence;

7. That the Court grant all other relief as may be appropriate under the facts and circumstances as developed in this proceeding.

Respectfully submitted,

FEDERAL DEFENDER SERVICES
OF EASTERN TENNESSEE, INC.

BY: s/Susanne Bales
Susanne Bales
Asst. Federal Community Defender
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
(865) 637-7979

# CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2016, the foregoing *Second Petition for Writ under 28 U.S.C. § 2254 for Writ of Habeas Corpus* was filed electronically. Notice was electronically mailed by the Court's electronic filing system to all parties indicated on the electronic filing receipt. Notice was delivered by other means to all other parties via regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/Susanne Bales
Susanne Bales

## VERIFICATION OF COUNSEL

On behalf of Petitioner Gary Wayne Sutton, and with the permission of Mr. Sutton, I declare under penalty of perjury that the foregoing is true and correct, this 15th day of June, 2016.

                                FEDERAL DEFENDER SERVICES
                                OF EASTERN TENNESSEE, INC.

BY:    s/Susanne Bales
          Susanne Bales
          Asst. Federal Community Defender
          800 S. Gay Street, Suite 2400
          Knoxville, TN 37929
          (865) 637-7979

          Attorney for Gary Wayne Sutton

# VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct. Executed this 13 day of June, 2016.

_____
Gary Wayne Sutton, Petitioner

{15}

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2016, the foregoing *Second Petition for Writ under 28 U.S.C. § 2254 for Writ of Habeas Corpus* was filed electronically. Service was made upon Filing Users through the Electronic Filing System. Service was accomplished via regular U.S. Mail on Herbert H. Slatery, III, Tennessee Attorney General and Reporter, and any participating party or counsel who was not served through the Electronic Filing System.

s/Susanne Bales
Susanne Bales

IN THE CIRCUIT COURT FOR BLOUNT COUNTY, TENNESSEE
AT MARYVILLE

FILED
JUN 1 4 2016
TOM HATCHER
CIRCUIT COURT CLERK

| | |
|---|---|
| GARY W. SUTTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. C-14433 |
| v. ) | Post-Conviction (Death Penalty) |
| ) | |
| STATE OF TENNESSEE, ) | |
| ) | |
| Respondent. ) | |

## MOTION TO REOPEN POST-CONVICTION PETITION

Mailing Address of Petitioner:  Mr. Gary W. Sutton, 218364
Riverbend Maximum Security Institution
7475 Cockrill Bend Boulevard
Nashville, Tennessee 37209

Place of Confinement:  Riverbend Maximum Security Institution
7475 Cockrill Bend Boulevard
Nashville, Tennessee 37209

Department of Correction Number:  218364

---

Petitioner Gary W. Sutton moves this Court to reopen his post-conviction proceedings, pursuant to Article I, §§ 8, 9, 16 and 17 and Article XI, § 16 of the Tennessee Constitution, Amendments 5, 6, 8, and 14 to the United States Constitution, and the Post-Conviction Procedure Act, Tenn. Code Ann. § 40-30-101 *et seq.*.[1]

## INTRODUCTION

Sutton's Motion to Reopen raises the issue of what standards are to be followed when increasing a defendant's sentence based upon prior criminal convictions. In Sutton's case, the

---

[1] The instant Motion to Reopen Post-Conviction Petition contains the same information as required by the form petition set out in the Appendix of Tennessee Supreme Court Rule 28.