UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| **GARY WAYNE SUTTON** ) | |
| ) | |
| Movant/Petitioner, ) | **Case No.** 3:16-cv-375 |
| ) | Related Case No. 3:06-cv-388 |
| v. ) | **DEATH PENALTY CASE** |
| ) | |
| **BRUCE WESTBOOKS**, ) | |
| ) | |
| Respondent. ) | |

**MOTION TO HOLD CASE IN ABEYANCE
PENDING AUTHORIZATION FROM THE SIXTH CIRCUIT**

Movant/Petitioner, Gary Wayne Sutton, through his undersigned counsel, hereby asks this Court to enter an order holding this case in abeyance pending the Sixth Circuit's decision authorizing him to file a second or successive habeas petition. In support of this request, Mr. Sutton states the following:

On September 1, 1996, Sutton was convicted of first degree murder and on September 3, 1996, was sentenced to death. Supporting the death sentence is the prior violent felony statutory aggravating circumstance: "the defendant was previously convicted of one (1) or more felonies, other than the present charge, whose statutory elements involve the use of violence to the person[.]" Tenn. Code Ann. § 39-13-204(i)(2) (1996). The jury was instructed and found that

> "[t]he defendant was previously convicted of one (1) or more felonies, other than the present charge, the statutory elements of which involve the use of violence to the person … [T]he state is relying upon the crimes of aggravated assault in Cobb County, Georgia and first degree murder in Sevier County, Tennessee which are felonies involving the use of violence to the person." (Jury Charge, p.301203.)

The Tennessee Supreme Court upheld Sutton's conviction and death sentence. *State v. Sutton*, 79 S.W.3d 458 (Tenn. 2002), *cert. denied sub nom. Sutton v. State*, No. 02-6354, 537 U.S. 1090 (2002). The state courts denied post-conviction relief. *Sutton v. State*, No. E2004-02305-CCA-R3-PD, 2006 WL 1472542 (Tenn. Crim. App. May 30, 2006), appeal denied Oct. 2, 2006. The federal courts denied habeas corpus relief. *Sutton v. Bell*, 683 F. Supp. 2d 640 (E.D. Tenn. 2010); *Sutton v. Carpenter*, 617 Fed. Appx. 434 (6th Cir. 2015), *cert. denied sub nom. Sutton v. Westbrooks*, No. 15-918, 2016 WL 235195 (Mar. 28, 2016).

On April 18, 2016, the United States Supreme Court decided *Welch v. United States*, 136 S. Ct. 1257 (2016). *Welch* held that *Johnson* is a new rule of constitutional law that has retroactive effect in cases on collateral review. The Sixth Circuit has authorized successor habeas petitions based on *Johnson*. *See*, *e.g.*, *In re Watkins*, 810 F.3d 375 (6th Cir. 2015).

On June 14, 2016, Sutton initiated exhaustion proceedings on his *Johnson* claim by filing a motion to reopen his post-conviction petition in Blount County, Tennessee Circuit Court.

As required under 28 U.S.C. § 2244(b)(3)(C), on June 16, 2016, Sutton filed in the Sixth Circuit Court of Appeals an Application for Leave to File a Second or Successive Habeas Petition Under 28 U.S.C. § 2244 based on *Johnson*, *supra*, and *Welch*, *supra*. *Sutton v. Westbrooks*, No. 16-5852. Sutton attached to the Application his proposed Second Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus.

As explained in Sutton's second habeas petition, filed contemporaneously with this request, Sutton is entitled to relief because his sentence was enhanced by an aggravating circumstance that—in light of the new, substantive rule in *Johnson*—is void for vagueness and violates Sutton's right to due process. Sutton's petition is timely filed within one year of the Supreme Court's decision in *Johnson, supra*, (June 26, 2015), and the Supreme Court's decision in *Welch, supra*, (April 18, 2016), which declared that the rule in *Johnson* is applicable to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C).

Since Sutton filed his Application for Authorization (along with his proposed second habeas petition) with the Sixth Circuit on June 16, 2016, and the Sixth Circuit has requested a response from Respondent by July 18, 2016, it is improbable that the Sixth Circuit will rule on Sutton's Application for Authorization before *Johnson's* one-year date (June 26, 2016).

In an abundance of caution and to avoid any uncertainty whether Sutton's second habeas petition has been filed within the statute of limitations, he has filed his Second Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus with this Court contemporaneously with this motion for an abeyance. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (If the petitioner is uncertain about whether the statute is tolled, he should file a "protective petition" in the district court and move the district court to hold it in abeyance.). He asks this Court to hold the second habeas petition in abeyance pending the Sixth Circuit's authorization to

{3}

proceed, and to deem it timely filed when that authorization is given.[1]  *In re Hanserd*, 123 F.3d 922, 934 (6th Cir. 1997) ("If the successive [§2254] motion is proper under AEDPA's gatekeeping provisions, permission to file a motion in the district court will be granted, with the statute of limitations tolled while the motion for permission is before this court.").  *See also* 28 U.S.C. § 2244(d)(2) (the time during which a properly filed state application for relief shall not count toward the period of limitation).

WHEREFORE, Mr. Sutton respectfully requests that this Court hold his Second Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus in abeyance pending the Sixth Circuit's authorization to proceed.

Respectfully Submitted,

FEDERAL DEFENDER SERVICES
OF EASTERN TENNESSEE, INC.

BY:    s/Susanne Bales
       Susanne Bales
       Assistant Federal Community Defender
       800 S. Gay Street, Suite 2400
       Knoxville, TN 37929
       (865) 637-7979

---

[1] Because Sutton has already moved the court of appeals for authorization to file a second habeas petition there is no need for this Court to transfer the petition to that court.

{4}

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2016, the foregoing *Motion to Hold Case in Abeyance Pending Authorization from the Sixth Circuit* was filed electronically. Service was made upon Filing Users through the Electronic Filing System. Service was accomplished via regular U.S. Mail on Herbert H. Slatery, III, Tennessee Attorney General and Reporter, and any participating party or counsel who was not served through the Electronic Filing System.

s/Susanne Bales
Susanne Bales
