No. 16-5852

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Oct 05, 2016
DEBORAH S. HUNT, Clerk

In re: GARY WAYNE SUTTON, )
) O R D E R
Movant. )

Before: BOGGS, GIBBONS, and COOK, Circuit Judges.

Gary Wayne Sutton, a Tennessee death-row prisoner represented by counsel, has filed an application for permission to file a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this court. *See* 28 U.S.C. § 2244(b)(3)(A). In support, he relies upon the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), which holds that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," and *Welch v. United States*, 136 S. Ct. 1257, 1265, 1268 (2016), which holds that *Johnson* applies retroactively to cases on collateral review. The Warden has filed a response in opposition. Sutton has filed a reply, a motion for permission to file an amended reply, a proffered amended reply, and a notice of additional citation. We grant Sutton's motion to file an amended reply and have considered his proffered amended reply in ruling on his application for permission to file a second or successive petition.

A Tennessee jury convicted Sutton of premeditated first-degree murder and sentenced him to death. The jury sentenced Sutton to death under a Tennessee statute that authorizes the death penalty when the defendant was previously convicted of at least one felony "whose statutory elements involve the use of violence to the person." Tenn. Code Ann. § 29-13-204(i)(2) (West 1991) (subsequently amended), *quoted in State v. Vann*, No. 03C01-9602-CC-

00066, 1997 WL 309320, at *17 (Tenn. Crim. App. June 10, 1997). After unsuccessfully pursuing relief via direct-appeal and state postconviction proceedings, he filed a federal habeas corpus petition on May 11, 2007. The district court dismissed it in 2011, and we affirmed. *Sutton v. Carpenter*, 617 F. App'x 434, 435, 448 (6th Cir. 2015), *cert. denied*, 136 S. Ct. 1494 (2016).

This case does not raise any issues concerning the propriety of retroactively applying the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") to any pre-AEDPA conduct as Sutton's initial habeas corpus petition was filed after AEDPA's effective date of April 24, 1996. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 275 (1994); *In re Sonshine*, 132 F.3d 1133, 1135 (6th Cir. 1997).

An application for permission from this court to file a second or successive habeas corpus petition must not involve a claim that has been raised in a prior petition. 28 U.S.C. § 2244(b)(1). A new claim will nevertheless be dismissed unless

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). The applicant must make a prima facie showing that the application satisfies AEDPA's requirements. 28 U.S.C. § 2244(b)(3)(C); *In re Green*, 144 F.3d 384, 388 (6th Cir. 1998). A prima facie showing "means simply sufficient allegations of fact together with some documentation that would 'warrant a fuller exploration in the district court.'" *In re Lott*, 366 F.3d 431, 433 (6th Cir. 2004) (quoting *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir. 1997)).

The *Johnson* decision does not apply to this case because the language of the applicable Tennessee statute is materially similar to the language set forth in the "elements clause," rather than the "residual clause," of the Armed Career Criminal Act ("the ACCA"). In *Johnson*, the Supreme Court found the following language to be unconstitutionally vague when defining a violent felony that can be used to enhance a sentence: "otherwise involves conduct that presents a serious potential risk of physical injury to another." 135 S. Ct. at 2555-56 (quoting 18 U.S.C. § 924(e)(2)(B)(ii)). By contrast, the jury here found as an aggravating circumstance that Sutton had been "previously convicted of one (1) or more felonies, other than the present charge, whose statutory elements involve the use of violence to the person." Tenn. Code Ann. § 39-13-204(i)(2) (West 1991) (subsequently amended), *quoted in State v. Vann*, No. 03C01-9602-CC-00066, 1997 WL 309320, at *17 (Tenn. Crim. App. June 10, 1997) (unpublished). *See State v. Dellinger*, 79 S.W.3d 458, 466 (Tenn. 2002). The "elements clause" of the ACCA uses similar language as it defines a violent felony as a crime punishable by imprisonment for a term exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The residual clause was the only portion of the ACCA held to be unconstitutional. *Johnson*, 135 S. Ct. at 2563. Therefore, Sutton is not entitled to relief.

Accordingly, we DENY his application for permission to file a second or successive habeas corpus petition.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk